# EXHIBIT "A"



EFiled:  Oct 28 2009  4:40PM EDT
Transaction ID 27784424
Case No. N09C-10-257 RRC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JUDITH A. SNYDER, an individual, and THOMAS SNYDER, an individual, | : | **C.A. No.:** |
| | : | |
| Plaintiffs, | : | |
| v. | : | **JURY OF SIX DEMANDED** |
| | : | |
| TERRENCE M. REESE, an individual, FALCON TRANSPORT CO., a foreign Corporation, G. D. LEASING OF INDIANA, INC., a foreign Corporation, and COMPREHENSIVE LOGISTICS CO., INC., a foreign Corporation, | : | |
| Defendants. | : | |

### COMPLAINT

1. Plaintiffs, Judith A. Snyder ("Ms. Snyder") and Thomas Snyder ("Mr. Snyder") are wife and husband who reside at 133 Louise Road, New Castle, Delaware 19720.

2. Defendant, Terrence M. Reese ("Mr. Reese") is an individual who resides at 7223 Marsden Street, Philadelphia, Pennsylvania 19135.

3. Defendant, Falcon Transport Co. is a foreign corporation whose registered agent is James L. Messenger, 6 Federal Plaza Central, Suite 1300, Youngstown, OH 44503. [PLAINTIFFS DEMAND THAT THE DEFENDANT, FALCON TRANSPORT CO., DENY THE ALLEGATIONS CONTAINED IN THIS PARAGRAPH IF UNTRUE, BY AFFIDAVIT IN ACCORDANCE WITH THE PROVISIONS OF 10 Del. C. §3915.]

4. Defendant, G. D. Leasing of Indiana, Inc. is a foreign corporation whose registered agent is James L. Messenger, 6 Federal Plaza Central, Suite 1300, Youngstown, OH 44503. [PLAINTIFFS DEMAND THAT THE DEFENDANT, G. D. LEASING OF INDIANA, INC., DENY THE ALLEGATIONS CONTAINED IN THIS PARAGRAPH IF

UNTRUE, BY AFFIDAVIT IN ACCORDANCE WITH THE PROVISIONS OF 10 Del. C.

§3915.]

      5.      Defendant, Comprehensive Logistics Co., Inc. is a foreign corporation whose

registered agent is Don Constantini, 650 N. Meridian Road, Youngstown, OH 44501.

[PLAINTIFFS DEMAND THAT THE DEFENDANT, COMPREHENSIVE LOGISTICS

CO., INC., DENY THE ALLEGATIONS CONTAINED IN THIS PARAGRAPH IF

UNTRUE, BY AFFIDAVIT IN ACCORDANCE WITH THE PROVISIONS OF 10 Del. C.

§3915.]

      6.      On or about February 15, 2008, plaintiff, Judith A. Snyder, was driving her

motor vehicle northbound on Delaware Route 141, south of Delaware Route 37.

      7.      At such time, defendant, Terrence M. Reese, was the permissive driver of a

tractor trailer owned by defendant Falcon Transport Co., G.D. Leasing of Indiana, Inc., and/or

Comprehensive Logistics Co., Inc.

      8.      At such time, defendant, Terrence M. Reese, was driving the tractor trailer

northbound on Delaware Route 141, south of Delaware Route 37.

      9.      At such time, defendant, Terrence M. Reese, was driving behind Ms. Snyder.

      10.      At such time, Ms. Snyder's vehicle came to a stop in response to a red traffic

light at the intersection of Delaware Route 37.

      11.      At such time, defendant, Terrence M. Reese fell asleep while operating the

tractor trailer.

      12.      Suddenly and without warning, the tractor trailer driven by Mr. Reese collided

into the back of Ms. Snyder's motor vehicle.

13.    As a result of the collision with the tractor trailer, Ms. Snyder's motor vehicle collided with the motor vehicle in front of her.

14.    As a result of the collisions, plaintiff, Ms. Snyder, suffered severe and permanent injuries.

15.    As a result of the collisions, defendant, Terrence M. Reese, was cited for inattentive driving, in violation 21 Del. C. §4176(b).


## COUNT I
## CLAIM AGAINST TERRENCE M. REESE

16.    Paragraphs 1 through 15 are incorporated by reference.

17.    A direct and proximate cause of the collision was the negligence of the defendant, Terrence M. Reese, as follows:

(a)    He drove inattentively, in violation of 21 Del. C. §4176(b);

(b)    He failed to give full attention to the operation of a motor vehicle, in violation of 21 Del. C. §4176(b);

(c)    He failed to maintain a proper lookout while operating a motor vehicle, in violation of 21 Del. C. §4176(b);

(d)    He failed to obey applicable traffic laws, in violation of 21 Del. C. §4102;

(e)    He drove at a speed exceeding what was reasonable and prudent for the traffic conditions, in violation of 21 Del. C. §4168(a);

(f)    He operated a vehicle more closely to another vehicle than is reasonable and prudent, and without due regard for the speed of the other vehicle in violation of 21 Del. C. §4123(a);

(g)    He operated a vehicle in a careless and imprudent manner and without due regard to road and traffic conditions then existing, in violation of 21 Del. C. §4176(a);

(h)    He drove recklessly, with willful and wanton disregard for the safety of persons or property, in violation of 21 Del. C. §4175;

(i)    He operated a motor vehicle without due regard for the road, in violation of 21 Del. C. §4176(a);

(j)    He failed to keep a vehicle under proper and adequate control at the time of the collision, in violation of the common law duty of care he had to others on the road, including plaintiff, Judith A. Snyder;

(k)    He failed to maintain and keep a proper lookout for persons and other vehicles in the area at the time of the collision, in violation of the common law duty of care he had to others on the road, including plaintiff, Judith A. Snyder;

(l)    He failed to operate the vehicle as a reasonable and prudent person under the circumstances in doing the acts set forth in subparagraphs (a) through (k), in violation of the common law duty of care he had to others on the road, including plaintiff, Judith A. Snyder;

(m)    He was otherwise negligent.

### COUNT II
### CLAIM AGAINST FALCON TRANSPORT CO.
### FOR VICARIOUS LIABILITY

18.    Paragraphs 1 through 17 are incorporated by reference.

Doroshow, Pasquale,
Krawitz & Bhaya
1701 Pulaski Highway
Bear, Delaware 19701
302-832-3200

19.     At all times relevant to this litigation, Terrence M. Reese was the agent, servant and/or employee of the defendant, Falcon Transport Co. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT, PURSUANT TO 10 DEL. C. §3916.]

20.     Defendant, Falcon Transport Co., is vicariously liable for the negligence and resulting damages of its agent/employee, Terrence M. Reese as follows:

      (a)     While acting in the course and scope of his employment, defendant, Terrence M. Reese, negligently operated a tractor trailer, as detailed in Count I;

      (b)     The negligence of defendant, Terrence M. Reese, was the proximate cause of the injuries suffered by the Plaintiffs.

**COUNT III**
**CLAIM AGAINST FALCON TRANSPORT CO.**
**FOR NEGLIGENT ENTRUSTMENT**

21.     Paragraphs 1 through 20 are incorporated by reference.

22.     A direct and proximate cause of the collision was the negligence, recklessness, or carelessness of the defendant, Falcon Transport Co., in that it; as an entity and/or through the actions of its employees while acting in the course and scope of their employment; negligently, recklessly, or carelessly entrusted a tractor trailer to defendant, Terrence M. Reese, as follows:

      (a)     On or about February 15, 2008, defendant, Falcon Transport Co. permitted defendant, Mr. Reese, to drive a tractor trailer owned by defendant, Falcon Transport Co.;

(b)     Falcon Transport Co. knew, had reason to know, or should have known that Mr. Reese would operate the vehicle in an unsafe manner;

(c)     Falcon Transport Co. failed to act in a reasonable and prudent manner by entrusting its vehicle to Mr. Reese;

(d)     It was otherwise negligent.

**COUNT IV**
**CLAIM AGAINST FALCON TRANSPORT CO.**
**FOR NEGLIGENT HIRE**

23.     Paragraphs 1 through 22 are incorporated by reference.

24.     A direct and proximate cause of the collision was the negligence, recklessness, or carelessness of the defendant, Falcon Transport Co., in that it; as an entity and/or through the actions of its employees while acting in the course and scope of their employment; negligently, recklessly, or carelessly hired defendant, Terrence M. Reese, as follows:

(a)     Falcon Transport Co. hired defendant, Mr. Reese, for a position that involved driving a motor vehicle;

(b)     Falcon Transport Co. knew, had reason to know, or should have known Mr. Reese would operate a motor vehicle in an unsafe manner;

(c)     Falcon Transport Co. failed to act in a reasonable and prudent manner by hiring Mr. Reese;

(d)     It was otherwise negligent.

*(continued on next page)*

## COUNT V
## CLAIM AGAINST FALCON TRANSPORT CO.
## FOR NEGLIGENT RETENTION

25.     Paragraphs 1 through 24 are incorporated by reference.

26.     A direct and proximate cause of the collision was the negligence, recklessness, or carelessness of the defendant, Falcon Transport Co., in that it; as an entity and/or through the actions of its employees while acting in the course and scope of their employment; negligently, recklessly, or carelessly retained defendant, Terrence M. Reese, as follows:

(a)     Falcon Transport Co. continued to employ defendant, Mr. Reese, for a position that involved driving a motor vehicle;

(b)     Falcon Transport Co. knew, had reason to know, or should have known Mr. Reese would operate a motor vehicle in an unsafe manner;

(c)     Falcon Transport Co. failed to act in a reasonable and prudent manner by continuing to employ Mr. Reese;

(d)     It was otherwise negligent.

## COUNT VI
## CLAIM AGAINST G. D. LEASING OF INDIANA, INC.
## FOR VICARIOUS LIABILITY

27.     Paragraphs 1 through 26 are incorporated by reference.

28.     At all times relevant to this litigation, Terrence M. Reese was the agent, servant and/or employee of the defendant, G. D. Leasing of Indiana, Inc. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT, PURSUANT TO 10 DEL. C. §3916.]

Doroshow, Pasquale,
Krawitz & Bhaya
1701 Pulaski Highway
Bear, Delaware 19701
302-832-3200

29.     Defendant, G. D. Leasing of Indiana, Inc., is vicariously liable for the negligence and resulting damages of its agent/employee, Terrence M. Reese as follows:

(a)     While acting in the course and scope of his employment, defendant, Terrence M. Reese, negligently operated a tractor trailer, as detailed in Count I;

(b)     The negligence of defendant, Terrence M. Reese, was the proximate cause of the injuries suffered by the Plaintiffs.

### COUNT VII
### CLAIM AGAINST G. D. LEASING OF INDIANA, INC. FOR NEGLIGENT ENTRUSTMENT

30.     Paragraphs 1 through 29 are incorporated by reference.

31.     A direct and proximate cause of the collision was the negligence, recklessness, or carelessness of the defendant, G. D. Leasing of Indiana, Inc., in that it; as an entity and/or through the actions of its employees while acting in the course and scope of their employment; negligently, recklessly, or carelessly entrusted a tractor trailer to defendant, Terrence M. Reese, as follows:

(a)     On or about February 15, 2008, defendant, G. D. Leasing of Indiana, Inc. permitted defendant, Mr. Reese, to drive a tractor trailer owned by defendant, G. D. Leasing of Indiana, Inc.;

(b)     G. D. Leasing of Indiana, Inc. knew, had reason to know, or should have known that Mr. Reese would operate the vehicle in an unsafe manner;

(c)    G. D. Leasing of Indiana, Inc. failed to act in a reasonable and prudent manner by entrusting its vehicle to Mr. Reese;

(d)    It was otherwise negligent.

**COUNT VIII**
**CLAIM AGAINST G. D. LEASING OF INDIANA, INC.**
**FOR NEGLIGENT HIRE**

32.    Paragraphs 1 through 31 are incorporated by reference.

33.    A direct and proximate cause of the collision was the negligence, recklessness, or carelessness of the defendant, G. D. Leasing of Indiana, Inc., in that it; as an entity and/or through the actions of its employees while acting in the course and scope of their employment; negligently, recklessly, or carelessly hired defendant, Terrence M. Reese, as follows:

(a)    G. D. Leasing of Indiana, Inc. hired defendant, Mr. Reese, for a position that involved driving a motor vehicle;

(b)    G. D. Leasing of Indiana, Inc. knew, had reason to know, or should have known Mr. Reese would operate a motor vehicle in an unsafe manner;

(c)    G. D. Leasing of Indiana, Inc. failed to act in a reasonable and prudent manner by hiring Mr. Reese;

(d)    It was otherwise negligent.

*(continued on next page)*

Doroshow, Pasquale,
Krawitz & Bhaya
1701 Pulaski Highway
Bear, Delaware 19701
302-832-3200

**COUNT IX**
**CLAIM AGAINST G. D. LEASING OF INDIANA, INC.**
**FOR NEGLIGENT RETENTION**

34.     Paragraphs 1 through 33 are incorporated by reference.

35.     A direct and proximate cause of the collision was the negligence, recklessness, or carelessness of the defendant, G. D. Leasing of Indiana, Inc., in that it; as an entity and/or through the actions of its employees while acting in the course and scope of their employment; negligently, recklessly, or carelessly retained defendant, Terrence M. Reese, as follows:

(a)     G. D. Leasing of Indiana, Inc. continued to employ defendant, Mr. Reese, for a position that involved driving a motor vehicle;

(b)     G. D. Leasing of Indiana, Inc. knew, had reason to know, or should have known Mr. Reese would operate a motor vehicle in an unsafe manner;

(c)     G. D. Leasing of Indiana, Inc. failed to act in a reasonable and prudent manner by continuing to employ Mr. Reese;

(d)     It was otherwise negligent.

**COUNT X**
**CLAIM AGAINST COMPREHENSIVE LOGISTICS CO., INC.**
**FOR VICARIOUS LIABILITY**

36.     Paragraphs 1 through 35 are incorporated by reference.

37.     At all times relevant to this litigation, Terrence M. Reese was the agent, servant and/or employee of the defendant, Comprehensive Logistics Co., Inc. [DENIAL OF

THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT,

PURSUANT TO 10 DEL. C. §3916.]

    38.      Defendant, Comprehensive Logistics Co., Inc., is vicariously liable for the

negligence and resulting damages of its agent/employee, Terrence M. Reese as follows:

          (a)      While acting in the course and scope of his employment, defendant,

                      Terrence M. Reese, negligently operated a tractor trailer, as detailed in

                      Count I;

          (b)      The negligence of defendant, Terrence M. Reese, was the proximate

                      cause of the injuries suffered by the Plaintiffs.

### COUNT XI
### CLAIM AGAINST COMPREHENSIVE LOGISTICS CO., INC.
### FOR NEGLIGENT ENTRUSTMENT

    39.      Paragraphs 1 through 38 are incorporated by reference.

    40.      A direct and proximate cause of the collision was the negligence, recklessness,

or carelessness of the defendant, Comprehensive Logistics Co., Inc., in that it; as an entity

and/or through the actions of its employees while acting in the course and scope of their

employment; negligently, recklessly, or carelessly entrusted a tractor trailer to defendant,

Terrence M. Reese, as follows:

          (a)      On or about February 15, 2008, defendant, Comprehensive Logistics

                      Co., Inc. permitted defendant, Mr. Reese, to drive a tractor trailer

                      owned by defendant, Comprehensive Logistics Co., Inc.;

Doroshow, Pasquale,
Krawitz & Bhaya
1701 Pulaski Highway
Bear, Delaware 19701
302-832-3200

(b)     Comprehensive Logistics Co., Inc. knew, had reason to know, or should have known that Mr. Reese would operate the vehicle in an unsafe manner;

(c)     Comprehensive Logistics Co., Inc. failed to act in a reasonable and prudent manner by entrusting its vehicle to Mr. Reese;

(d)     It was otherwise negligent.

## COUNT XII
## CLAIM AGAINST COMPREHENSIVE LOGISTICS CO., INC. FOR NEGLIGENT HIRE

41.     Paragraphs 1 through 40 are incorporated by reference.

42.     A direct and proximate cause of the collision was the negligence, recklessness, or carelessness of the defendant, Comprehensive Logistics Co., Inc., in that it; as an entity and/or through the actions of its employees while acting in the course and scope of their employment; negligently, recklessly, or carelessly hired defendant, Terrence M. Reese, as follows:

(a)     Comprehensive Logistics Co., Inc. hired defendant, Mr. Reese, for a position that involved driving a motor vehicle;

(b)     Comprehensive Logistics Co., Inc. knew, had reason to know, or should have known Mr. Reese would operate a motor vehicle in an unsafe manner;

(c)     Comprehensive Logistics Co., Inc. failed to act in a reasonable and prudent manner by hiring Mr. Reese;

(d)     It was otherwise negligent.

## COUNT XIII
## CLAIM AGAINST COMPREHENSIVE LOGISTICS CO., INC.
## FOR NEGLIGENT RETENTION

43.     Paragraphs 1 through 42 are incorporated by reference.

44.     A direct and proximate cause of the collision was the negligence, recklessness, or carelessness of the defendant, Comprehensive Logistics Co., Inc., in that it; as an entity and/or through the actions of its employees while acting in the course and scope of their employment; negligently, recklessly, or carelessly retained defendant, Terrence M. Reese, as follows:

      (a)     Comprehensive Logistics Co., Inc. continued to employ defendant, Mr. Reese, for a position that involved driving a motor vehicle;

      (b)     Comprehensive Logistics Co., Inc. knew, had reason to know, or should have known Mr. Reese would operate a motor vehicle in an unsafe manner;

      (c)     Comprehensive Logistics Co., Inc. failed to act in a reasonable and prudent manner by continuing to employ Mr. Reese;

      (d)     It was otherwise negligent.

## COUNT XIV
## CLAIM OF JUDITH A. SNYDER

45.     Paragraphs 1 through 44 are incorporated by reference.

46.     As a direct and proximate result of defendants' negligence, plaintiff, Judith A. Snyder, suffered severe personal injuries, both of a temporary and permanent nature,

Doroshow, Pasquale,
Krawitz & Bhaya
1701 Pulaski Highway
Bear, Delaware 19701
302-832-3200

including but not limited to: back pain, neck pain, knee pain, cervical joint hypertrophy, central canal stenosis, cervical and thoracic neuroforaminal stenosis, disc hernation and bulges, arm pain, shoulder pain, bilateral knee contusions, post traumatic stress disorder, chest pains, lascerations.

47.     As a consequence of her injuries, plaintiff, Ms. Snyder, has experienced, continues to experience and is likely to experience in the future, substantial physical pain and suffering and discomfort.

48.     As a further consequence of her injuries, plaintiff, Ms. Snyder, has experienced, continues to experience and is likely to experience in the future, emotional pain, suffering, anxiety and nervousness.

49.     As a further result of the defendants' negligence, plaintiff, Ms. Snyder, has incurred, and may in the future continue to incur, medical bills for the treatment of the injuries sustained in the collision.

50.     As a consequence of her injuries, plaintiff, Ms. Snyder, has been required to undergo prolonged medical treatment.

51.     As a further consequence of the defendants' negligence, plaintiff, Ms. Snyder, has suffered, and may in the future suffer, a loss of earnings and an impairment of earning capacity.

## COUNT XV
## LOSS OF CONSORTIUM CLAIM OF THOMAS SNYDER

52.     Paragraphs 1 through 51 are incorporated herein by reference.

53.    As a result of plaintiff, Judith A. Snyder's injuries, plaintiff, Thomas Snyder, lost the society, comfort and consortium of his wife, Judith A. Snyder, and will continue to lose the society, comfort and consortium of his wife in the future.

WHEREFORE, the plaintiffs, Judith A. Snyder and Thomas Snyder, pray that this Court enter judgment against the defendants, Terrence M. Reese, Falcon Transport Co., G.D. Leasing of Indiana, Inc., and Comprehensive Logistics Co., Inc., jointly and severally, for all compensatory, special, and punitive damages and the cost of this action, pre-judgment interest, along with any additional relief that the Court may deem proper or that may be available to the plaintiffs.

DOROSHOW, PASQUALE,
KRAWITZ & BHAYA

By:    _/s/ Shakuntla L. Bhaya_____
SHAKUNTLA L. BHAYA (I.D #2411)
VINCE R. MELONE (ID #4977)
1701 Pulaski Highway
Bear, DE 19701
Phone: (302) 832-3200
Fax:   (302) 834-8186
Attorneys for Plaintiffs

DATED:  10/28/09